# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>         Defendants.<br>_____ / | CASE NO: 1:10-cv-02001-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO SECTION 1915(g) AND REQUIRING PLAINTIFF TO PAY FILING FEE WITHIN TWENTY DAYS<br><br>Doc. 4<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings And Recommendations**

On October 25, 2010, Plaintiff Barry S. Jameson ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On October 25, 2010, Plaintiff filed a motion to proceed in forma pauperis. Doc. 2. On November 4, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 4.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed has three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under § 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1121.

The Court takes judicial notice of the following cases which count as strikes: 1) *Jameson v. CDCR*, 3:96-cv-00889-IEG-RBB (S.D. Cal.) (dismissed January 27, 1997 for failure to state a claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994));[2] 2) *Jameson v. CDCR*, 3:96-cv-01175-H-LSP (S.D. Cal.) (dismissed January 24, 1997 for failure to state a claim, pursuant to *Heck* ); and 3) *Jameson v. CDCR*, 3:96-cv-01797-K-RBB (S.D. Cal.) (dismissed January 22, 1997, for failure to state a claim, pursuant to *Heck*).

Plaintiff has three or more strikes which occurred before Plaintiff filed this action on October 25, 2010. Moreover, Plaintiff does not demonstrate that he faced imminent danger of serious physical injury at the time he filed his complaint. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis and revocation of Plaintiff's in forma pauperis status is appropriate. 28 U.S.C. § 1915(g).

//
//
//
//
//
//
//

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

[2] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis status be REVOKED; and

2. Plaintiff be ordered to pay the $350.00 filing fee in full within **twenty (20) days** from the date of service of the District Judge's order adjudicating these Findings and Recommendations. Failure to timely pay should result in dismissal of this action without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     January 30, 2012

UNITED STATES MAGISTRATE JUDGE