# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO: 1:10-cv-02001-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE<br><br>Docs. 11, 12 |

On October 25, 2010, Plaintiff Barry S. Jameson ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 4, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 4. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 30, 2012, the Magistrate Judge issued Findings and Recommendations, recommending revocation of Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and requiring Plaintiff to pay the filing fee within twenty days. Doc. 9. On December 22, 2011, the Court issued an Order Adopting Findings and Recommendations; revoked Plaintiff's in forma pauperis status pursuant to the three strike provision under 28 U.S.C. § 1915(g); and ordered Plaintiff to pay the $350.00 filing fee within twenty days. Doc. 10. On February 29, 2012, Plaintiff filed untimely Objections, and on March 7, 2012, Plaintiff filed a Motion for Reconsideration, asking the Court to consider his objections. Docs. 11, 12.

In Plaintiff's objections, he argues that his three strikes pre-dated 28 U.S.C. § 1915(g) and that one of the cases was duplicative the other case. The Ninth Circuit has already addressed

Plaintiff's first argument. Actions filed and / or dismissed prior to the enactment of the Prison Litigation Reform Act ("PLRA") on April 26, 1996, are to be evaluated to determine whether they qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." *See Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999), citing *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997). "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of *Tierney*, we reject plaintiff's claim and hold that § 1915(g) does not violate the Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had three or more cases dismissed as frivolous." *See Rodriguez v. Cook*, 169 F.3d at 1181, *citing Tierney v. Kupers*, 128 F.3d at 1311.

As to Plaintiff's second argument, a review of his three dismissals, which count as three strikes pursuant to § 1915(g), demonstrates that they are not duplicative of each other.

On May 15, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-00889-IEG-RBB (S.D. Cal.). In Plaintiff's one hundred and eighty-five (185) page complaint, he alleged he had a letter held by CDCR that was approved for mailing after Plaintiff proved there were no security issues. The prison guards held the letter against regulations and in retaliation. *See Jameson v. CDCR*, 3:96-cv-00889-IEG-RBB, Pl. Compl. at 4, Doc. 1. On January 27, 1997, the Court dismissed Plaintiff's complaint, for failure to state a claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).[1] *See Jameson v. CDCR*, 3:96-cv-01175-H-LSP, Dismissal Order, Doc. 2.

On June 27, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-01175-H-LSP (S.D. Cal.). In Plaintiff's thirty-three (33) page complaint, he alleged he was subjected to a denial of parole due to erroneous information left in his Central File. *See Jameson v. CDCR*, 3:96-cv-01175-H-LSP, Pl. Compl. at 4, Doc. 1. On October 9, 1996, the Court dismissed Plaintiff's complaint, for failure to

---

[1] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

1  state a claim, pursuant to *Heck*. *See Jameson v. CDCR*, 3:96-cv-01175-H-LSP, Dismissal Order,
2  Doc. 4.
3        Finally, on October 15, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-01797-K-RBB (S.D.
4  Cal.). In Plaintiff's fifty-two (52) page complaint, he alleged he was denied the opportunity to ask
5  questions of witness at disciplinary hearing and to call other witnesses to the hearing. Plaintiff
6  alleged he was found guilty solely because his cellmate was found in possession of a contraband
7  television. *See Jameson v. CDCR*, 3:96-cv-01797-K-RBB, Pl. Compl. at 4, Doc. 1. On January 22,
8  1997, the Court dismissed Plaintiff's complaint, for failure to state a claim, pursuant to *Heck*. *See*
9  *Jameson v. CDCR*, 3:96-cv-01797-K-RBB, Dismissal Order, Doc. 3.
10       Therefore, Plaintiff's three dismissals, which count as three strikes pursuant to § 1915(g),
11 were not duplicative of each other.
12       Accordingly, it is HEREBY ORDERED that:
13     1.    Plaintiff's objections to the Court's order revoking his in forma pauperis status are
14         OVERRULED;
15     2.    Plaintiff's motion for reconsideration of the Court's order revoking his in forma
16         pauperis status is DENIED;
17     3.    This action is DISMISSED, without prejudice, for Plaintiff's failure to pay the filing
18         fee;
19     4.    All pending motions are moot for review; and
20     5.    The Clerk of the Court is directed to close the case.

23 IT IS SO ORDERED.
24 **Dated:   March 23, 2012**            /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE