# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO: 1:10-cv-02001-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE<br><br>Docs. 11, 12 |

     On October 25, 2010, Plaintiff Barry S. Jameson ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On November 4, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis. Doc. 4. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On January 30, 2012, the Magistrate Judge issued Findings and Recommendations, recommending revocation of Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and requiring Plaintiff to pay the filing fee within twenty days. Doc. 9. On December 22, 2011, the Court issued an Order Adopting Findings and Recommendations; revoked Plaintiff's in forma pauperis status pursuant to the three strike provision under 28 U.S.C. § 1915(g); and ordered Plaintiff to pay the $350.00 filing fee within twenty days. Doc. 10. On February 29, 2012, Plaintiff filed untimely Objections, and on March 7, 2012, Plaintiff filed a Motion for Reconsideration, asking the Court to consider his objections. Docs. 11, 12.

     In Plaintiff's objections, he argues that his three strikes pre-dated 28 U.S.C. § 1915(g) and that one of the cases was duplicative the other case. The Ninth Circuit has already addressed

1    Plaintiff's first argument. Actions filed and / or dismissed prior to the enactment of the Prison
2    Litigation Reform Act ("PLRA") on April 26, 1996, are to be evaluated to determine whether they
3    qualify as strikes: "the plain language of § 1915(g) requires that the court look at cases dismissed
4    prior to the enactment of the PLRA to determine when a prisoner has used his three strikes." *See*
5    *Rodriguez v. Cook*, 169 F.3d 1176, 1181 (9th Cir. 1999), citing *Tierney v. Kupers*, 128 F.3d 1310,
6    1311 (9th Cir. 1997). "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns,
7    because it does not affect a substantive right but merely limits a prisoner's ability to proceed IFP.
8    In light of *Tierney*, we reject plaintiff's claim and hold that § 1915(g) does not violate the
9    Constitution by looking at cases dismissed prior to enactment of the PLRA to determine when a
10   prisoner has had three or more cases dismissed as frivolous." *See Rodriguez v. Cook*, 169 F.3d at
11   1181, *citing Tierney v. Kupers*, 128 F.3d at 1311.

12        As to Plaintiff's second argument, a review of his three dismissals, which count as three
13   strikes pursuant to § 1915(g), demonstrates that they are not duplicative of each other.

14        On May 15, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-00889-IEG-RBB (S.D. Cal.).
15   In Plaintiff's one hundred and eighty-five (185) page complaint, he alleged he had a letter held by
16   CDCR that was approved for mailing after Plaintiff proved there were no security issues. The prison
17   guards held the letter against regulations and in retaliation. *See Jameson v. CDCR*, 3:96-cv-00889-
18   IEG-RBB, Pl. Compl. at 4, Doc. 1. On January 27, 1997, the Court dismissed Plaintiff's complaint,
19   for failure to state a claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)).[1] *See Jameson v.*
20   *CDCR*, 3:96-cv-01175-H-LSP, Dismissal Order, Doc. 2.

21        On June 27, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-01175-H-LSP (S.D. Cal.). In
22   Plaintiff's thirty-three (33) page complaint, he alleged he was subjected to a denial of parole due to
23   erroneous information left in his Central File. *See Jameson v. CDCR*, 3:96-cv-01175-H-LSP, Pl.
24   Compl. at 4, Doc. 1. On October 9, 1996, the Court dismissed Plaintiff's complaint, for failure to

---

[1] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

state a claim, pursuant to *Heck*. *See Jameson v. CDCR*, 3:96-cv-01175-H-LSP, Dismissal Order, Doc. 4.

Finally, on October 15, 1996, Plaintiff filed *Jameson v. CDCR*, 3:96-cv-01797-K-RBB (S.D. Cal.). In Plaintiff's fifty-two (52) page complaint, he alleged he was denied the opportunity to ask questions of witness at disciplinary hearing and to call other witnesses to the hearing. Plaintiff alleged he was found guilty solely because his cellmate was found in possession of a contraband television. *See Jameson v. CDCR*, 3:96-cv-01797-K-RBB, Pl. Compl. at 4, Doc. 1. On January 22, 1997, the Court dismissed Plaintiff's complaint, for failure to state a claim, pursuant to *Heck*. *See Jameson v. CDCR*, 3:96-cv-01797-K-RBB, Dismissal Order, Doc. 3.

Therefore, Plaintiff's three dismissals, which count as three strikes pursuant to § 1915(g), were not duplicative of each other.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's objections to the Court's order revoking his in forma pauperis status are OVERRULED;

2. Plaintiff's motion for reconsideration of the Court's order revoking his in forma pauperis status is DENIED;

3. This action is DISMISSED, without prejudice, for Plaintiff's failure to pay the filing fee;

4. All pending motions are moot for review; and

5. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

**Dated:   March 23, 2012**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE